IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

FRANKEYLIA BELL,                )
on behalf of herself and        )
others similarly situated,      )
                                )
          Plaintiff,            )
                                )
     v.                         )     1:20CV829
                                )
JOHNNY DWAYNE WALTERS, d/b/a    )
Club Cabaret – Greensboro,      )
                                )
          Defendant.            )

**DEFAULT JUDGMENT**

This matter comes before the court on Plaintiff's Motion for Default Judgment against Defendant Johnny Dwayne Walters, d/b/a Club Cabaret – Greensboro, (Doc. 14), pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. This court previously entered an order granting in part Plaintiff's Motion for Default Judgment. (Doc. 17.) This court also required Plaintiff to submit a more detailed explanation, by way of an affidavit, explaining the structure of payments during her employment. (Id. at 11.) Plaintiff has submitted an affidavit explaining those payments. (Doc. 22.)

Under the Fair Labor Standards Act, "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is

employed in an enterprise engaged in commerce or in the production of goods for commerce . . . $7.25 an hour . . . ." 29 U.S.C. § 206(a)(1)(C). However, "[i]n determining the wage an employer is required to pay a tipped employee, . . ." an employer may pay a lower wage. 29 U.S.C. § 203(m)(2)(A). This "tip credit" only applies where "such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee . . . ." 29 U.S.C. § 203(m)(2)(A). In other words, in order to pay Plaintiff anything less than $7.25 via the tip credit, Defendant must have "(1) inform[ed] the employee that the tip credit was being claimed; and (2) allow[ed] the employee to retain all tips he or she received . . . ." Dorsey v. TGT Consulting, LLC, 888 F. Supp. 2d 670, 681 (D. Md. 2012) (quoting Arencibia v. 2401 Rest. Corp., 831 F. Supp. 2d 164, 175 (D.D.C. 2011)).

When the tip credit is claimed, "[a]n employer can thus pay tipped employees (1) a cash wage of $2.13 plus (2) an additional amount in tips that brings the total wage to the federal minimum wage." Trejo v. Ryman Hosp. Props., Inc., 795 F.3d 442, 447 (4th Cir. 2015). However, where a "club[] paid the dancers no compensation of any kind and afforded them no notice. . . .

[t]hey cannot . . . claim the 'tip credit.'" <u>McFeeley v. Jackson St. Ent., LLC</u>, 825 F.3d 235, 246 (4th Cir. 2016).

Plaintiff's affidavit, (Doc. 22), makes it clear that Defendant did not inform Plaintiff that any tip credit was claimed, nor did Defendant allow Plaintiff to retain all tips she received. <u>See</u> <u>Dorsey</u>, 888 F. Supp. 2d at 681 (quoting <u>Arencibia</u>, 831 F. Supp. 2d at 175). This court finds Defendant is not entitled to the tip credit.

Because Defendant did not pay wages or any kind of compensation to Plaintiff, (Doc. 22 at 1), this court finds Defendant is liable to Plaintiff for unpaid minimum wage compensation as alleged by Plaintiff in the amount of $34,658.00 under the Fair Labor Standards Act, 29 U.S.C. § 206(a)(1)(C) and the North Carolina Wage and Hour Act, N.C. Gen. Stat. § 95-25.1 <u>et seq.</u> (<u>See</u> Doc. 22 at 2.) This court further finds that Defendant has failed to show that the violation was in good faith; as a result, this court finds Plaintiff is entitled to liquidated damages pursuant to 29 U.S.C. § 216(b) and N.C. Gen. Stat. § 95-25.22(a1) in the amount of $34,658.00. Plaintiff is further entitled to the recovery of attorney's fees, to be awarded based upon counsel's demonstration of reasonable attorney's fees and costs by motion submitted within 14 days of the entry of this order.

- 3 -

Case 1:20-cv-00829-WO-JLW   Document 24   Filed 10/14/21   Page 3 of 4

For the reasons set forth herein,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment, (Doc. 14), is **GRANTED** and Default Judgment is hereby entered against Defendant JOHNNY DWAYNE WALTERS, d/b/a Club Cabaret – Greensboro, and Plaintiff shall have and recover of Defendant the amount of $34,658.00 in wages and liquidated damages in the amount of $34,658.00 pursuant to 29 U.S.C. § 216(b) and N.C. Gen. Stat. § 95-25.22(a1) for a total of $69,316.00.

**IT IS FURTHER ORDERED** that Plaintiff shall have and recover her attorney's fees from Defendant Johnny Dwayne Walters, d/b/a Club Cabaret – Greensboro.

**IT IS FURTHER ORDERED** that, within 14 days of the date of this order, Plaintiff shall submit a motion and relevant affidavit(s) in support of an award for attorney's fees and costs.

This the 14th day of October, 2021.

_____
United States District Judge